UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DENISE Y. TSIBOURIS,<br>    Plaintiff, | Case No. 1:22-cv-458<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| COLERAIN TOWNSHIP, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Newport, Kentucky, brings this pro se civil action against Colerain Township, Ohio; Colerain Township Chief of Police Mark C. Denney; Colerain Township Board of Trustees Matt Wahlert, Dan Unger, Cathy Ulrich, and Jeff Baker; Colerain Township police officers Deborah Fales, Andrew Kemper, Kristen Stenger, and Kyle Frandoni; Springfield Township, Ohio police officer Rob Nash; and Mariemont, Ohio police officer Rachel Hayes. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**I. Standard of Review**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28

U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. Plaintiff's Complaint

Plaintiff's complaint alleges the following: On August 22, 2019, she was arrested at a Dunkin Donuts/Shell gas station pursuant to an arrest warrant. (Doc. 1-1, at PAGEID 8). Plaintiff asked the arresting officer why she was being arrested. Plaintiff was told to put her hand behind her back, and though she complied, she was taken to the back of the store where she was assaulted by several police officers. (*Id.*). She alleges she was punched, kicked, and thrown on the floor. (*Id.*). She adds that the police officers hit her head on the floor and kneeled upon her back. (*Id.*). As a result, plaintiff suffered a broken arm, concussion, sprained leg, emotional distress, panic attacks, and heart pain. (*Id.*).

Plaintiff alleges that she was arrested on false charges. She alleges that she was unable to pay the bond set by the court and remained incarcerated until the charges were later dropped or resulted in a not guilty finding. (*Id.*). Plaintiff also alleges that was stalked by defendants with "cops and fire/ems outside [her] door . . . follow[ing] [her] wherever [she] went." (*Id.*). Plaintiff also alleges that Colerain police officers routinely stopped her without any basis. (*Id.*). Based

3

on these allegations, plaintiff asserts claims of (1) excessive force, (2) malicious prosecution[1], (3) felonious stalking, and (4) racial profiling. (*Id*.).

Plaintiff requests damages in the amount of $500,000,000. (*Id*. at PAGEID 9).

### III. Resolution

Plaintiff's complaint is subject to dismissal. First, to the extent plaintiff is alleging constitutional claims of excessive use of force, false arrest, false imprisonment, and racial profiling, those claims are time-barred. Plaintiff's civil rights complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato,* 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) ("the settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages") (internal citation and quotation marks omitted). Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.,* No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the

---

[1] The Court liberally construes plaintiff's complaint as also alleging claims of false arrest and false imprisonment in connection with the malicious prosecution claim.

district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claim under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. of America,* No. 4:12-cv-357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury), *aff'd*, 529 F. App'x 558 (6th Cir. 2013).

Here, it is clear from the face of the complaint that plaintiff's claims of excessive force, false arrest, false imprisonment, and racial profiling[2] are time-barred. *See Wallace*, 549 U.S. at 389-90 (holding that the limitations period with respect to a false imprisonment or false arrest claim brought under 42 U.S.C. § 1983 begins upon the initiation of legal process, such as when the individual is bound over for trial or arraigned on charges). In this case, plaintiff alleges she was arrested on August 22, 2019. She alleges that defendants used excessive force against her in the process of the arrest on August 22, 2019; she was subsequently incarcerated and was unable to pay her bail; and plaintiff was acquitted of the charges or the charges were dismissed. These causes of action accrued on or about August 22, 2019, but plaintiff did not file the instant case until August 8, 2022, long after the two-year limitations period expired. Therefore, plaintiff's excessive force, false arrest, false imprisonment, and racial profiling claims are subject to dismissal at the screening stage on statute of limitations grounds.

Second, plaintiff has failed to allege any facts showing how each of the individually named defendants participated in any alleged violation of her constitutional rights. The complaint simply refers to "defendants" in general in connection with each cause of action

---

[2] Plaintiff's "racial profiling" claim is construed as a claim under the Equal Protection Clause of the Fourteenth Amendment. *See High v. Fuchs*, 74 F. App'x 499, 502-03 (6th Cir. 2003).

alleged. Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the individual defendants violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. With the exception of listing the named defendants in the caption of her complaint, plaintiff has failed to allege the specific actions each defendant allegedly took to violate her rights. *See Iqbal*, 556 U.S. at 676 (holding that a plaintiff must allege that each individual defendant, through his or her own individual actions, violated the Constitution to state a claim under Section 1983). *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint . . . is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given to pro se complaints.") (citation omitted). Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted against the individual defendants and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Third, the complaint fails to state a claim for relief for malicious prosecution. Plaintiff's complaint alleges two facts in support of her malicious prosecution claim: that "[d]efendants arrested [her] on false charges" and "ALL the charges were dropped and/or I was found not guilty." (Doc. 1-1 at PAGEID 8). As indicated above, plaintiff fails to allege which officers effected the arrest. Moreover, plaintiff fails to plausibly plead the first element of a Fourth Amendment malicious prosecution claim, which requires plaintiff to allege that the officers "participated in or influenced the decision to *criminally prosecute* h[er]." *Novak v. City of Parma*, __ F.4th __, 2022 WL 1278981, at *5 (6th Cir. 2022) (emphasis added) (citing *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010)). An arrest alone or passive cooperation is insufficient, and the arresting officers must have "aided in the decision to prosecute." *Id.* (citing *Sykes*, 625 F.3d at 308 n.5). As the Sixth Circuit has explained, "[a] prosecutor's independent charging decision typically breaks the causal chain for malicious-prosecution purposes." *Id.*

6

(citing *Sykes*, 625 F.3d at 316). Nevertheless, the arresting officers could be held liable if they "influenced or participated in the prosecutor's decision to *continue* the prosecution after [they] had knowledge of facts that would have led any reasonable officer to conclude that probable cause had ceased to exist." *Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015) (emphasis added) (internal quotation marks omitted). Such "participation" in a continued prosecution would include "deliberately or recklessly gave false testimony at trial." *Novak*, __ F.4th __, 2022 WL 1278981, at *5 (citing *Moseley*, 790 F.3d at 655). *See also Jones v. Clark Cnty.*, 959 F.3d 748, 768 (6th Cir. 2020) (holding that if a jury believed an officer withheld exculpatory information to prosecutors, then that would have violated the plaintiff's right against continued detention without probable cause), *abrogated on other grounds, Thompson v. Clark*, 142 S. Ct. 1332, 1340-41 (2022). Plaintiff has failed to allege any facts whatsoever indicating that the defendant arresting officers participated in any way in the continuation of her prosecution or somehow influenced the prosecutor's decision to prosecute. In the absence of any such allegations, plaintiff's malicious prosecution claim is not actionable and should be dismissed.

Fourth, plaintiff's complaint fails to state a claim for relief against Colerain Township. Under Ohio law, municipal corporations, townships, and counties are considered "political subdivision[s]" of the State and not arms of the state. Ohio Rev. Code § 2743.01(B); *Stack v. Karnes*, 750 F. Supp. 2d 892, 895 (S.D. Ohio 2010). A township cannot be held liable under § 1983 for the injuries inflicted solely by its employees or agents under a theory of respondeat superior. *Harris v. German Twp.*, No. 3:19-cv-341, 2022 WL 866815, at *14 (S.D. Ohio Mar. 23, 2022) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)). Rather, to state a claim for relief, "plaintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a [township]'s

policy or custom caused that violation to happen." *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008)). Thus, to state a claim for relief again Colerain Township, plaintiff must allege facts showing a specific policy, custom, or practice of the township caused the constitutional violations she alleges. *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citing *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)). Plaintiff's complaint fails to allege any facts from which the Court could infer that the alleged actions taken by the defendant police officers stemmed from a particular policy, custom, or practice of Colerain Township that caused a violation of plaintiff's civil rights. Therefore, plaintiff's complaint against Colerain Township should be dismissed.

Lastly, plaintiff's claim for "felonious stalking" should be dismissed, whether it is construed as a federal or state law claim. "The federal statute regarding stalking is 18 U.S.C. § 2261A, and it does not contain a private right of action." *Murray v. Williams*, No. 3:15-cv-284, 2016 WL 1122050, at *10 (E.D. Tenn. Mar. 22, 2016) (citing 18 U.S.C. § 2261A; *Hopson v. Commonwealth Attorney's Office*, No. 3:12-cv-744, 2013 WL 1411234, at *3 (W.D. Ky. April 8, 2013) (citation omitted) (concluding there is no private cause of action under 18 U.S.C. § 2261A)). To the extent plaintiff is attempting to bring a state law claim against the defendants for stalking, the complaint fails to state a claim for relief. Although Ohio law provides for civil actions for damages based on a criminal act, *see* Ohio Rev. Code § 2307.60, plaintiff's conclusory allegations of stalking fail to plausibly allege an actionable claim for relief. The Ohio menacing by stalking statute provides that "[n]o person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." Ohio Rev. Code § 2903.211(A). Plaintiff's complaint alleges:

8

> The defendants have been stalking me for a long time. Literally, EVERYTIME that I went out my door, there were cops and fire/ems outside my door and would follow me wherever I went and would try to use the stalking as a means of intimidation, threatening, harassment, racial profiling, intentional infliction of emotional distress, false arrest, malicious prosecution.

(Doc. 1-1 at PAGEID 8). As indicated above, plaintiff fails to identify which of the eleven individually named defendants engaged in this conduct. Nor does plaintiff plausibly allege the time frame or dates such conduct occurred so as to give rise to an inference of a pattern of conduct that would satisfy the stalking statute. Plaintiff also fails to describe the individuals' specific actions to allow the Court to reasonably infer plaintiff was of a belief that the individual would cause physical harm or mental distress to plaintiff. Plaintiff's conclusory allegations of "stalking," without more, fail to state a claim for relief. Therefore, plaintiff's felonious stalking claim should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. U. S. Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 8/27/2022

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENISE Y. TSIBOURIS,  Case No. 1:22-cv-458
    Plaintiff,  McFarland, J.
vs.  Litkovitz, M.J.

COLERAIN TOWNSHIP, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).