UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DENISE Y. TSIBOURIS, | : |
| *Plaintiff*, | : |
| v. | :    Case No. 1:22-cv-458 |
| COLERAIN TOWNSHIP, *et al.*, | :    Judge Jeffery P. Hopkins |
| *Defendants*. | : |

**ORDER ADOPTING REPORT AND RECOMMENDATIONS (DOC. 4, 10) AND OVERRULING OBJECTIONS (DOC. 7)**

This matter comes before the Court on the Magistrate Judge's August 29, 2022, Report and Recommendation (the "First R&R") (Doc. 4) and October 31, 2022, Report and Recommendation (the "Second R&R") (Doc. 10). After performing an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim on which relief may be granted. Doc. 4. The Magistrate Judge later recommended that the Court deny Plaintiff's motion for leave to proceed *in forma pauperis* on appeal because the motion was prematurely filed and any *in forma pauperis* appeal would not be taken in good faith under 28 U.S.C § 1915(a)(3). Doc. 10. Plaintiff has objected to the Magistrate Judge's First R&R. (Doc. 4).[1] Plaintiff has not objected to the Second R&R, and the time for doing so under Fed. R. Civ. P. 72(b) has expired.

---

[1] Plaintiff submitted a letter (Doc. 7) to the Court, directed at Chief Judge Algenon L. Marbley, challenging the Magistrate Judge's First R&R. The Court construes the contents of her letter as formal objections to the Magistrate Judge's findings and recommendations under Fed. R. Civ. P. 72(b).

For the reasons stated more fully below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the First R&R and Second R&R in full. The Court thus **DISMISSES** Plaintiff's Complaint with prejudice, **CERTIFIES** that any appeal would be frivolous, and **DENIES** Plaintiff's motion for leave to appeal *in forma pauperis*.

## LAW AND ANALYSIS

A district judge must review *de novo* any objections to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(3). Review applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). If presented with a proper objection, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Plaintiff has asserted objections here—but many are purely general objections that have "the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *Stamtec, Inc. v. Anson*, 296 Fed App'x 518, 520 (6th Cir. 2008) ("Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient."). Having carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and considered *de novo* all filings in this case, with particular attention to the issues as to which Plaintiff lodged *specific* objections, the Court determines that the Magistrate Judge's First R&R and Second R&R (Doc. 4, 10) should be adopted in full.

Plaintiff objects to the Magistrate Judge's determination that her claims for excessive use of force, false arrest, false imprisonment, and racial profiling are time-barred. She acknowledges that she "knew [her] case on the surface would be considered time-barred," but alleges that there was a "deliberate" attempt to prevent her from timely filing this case. Doc. 7, PageID 45–46. Plaintiff, however, does not offer any facts related to a "deliberate attempt," nor provide any plausible basis as to why she should be excused from the statute of limitations for these claims. Plaintiff filed this case nearly a year after the two-year statute of limitations expired. Accordingly, the undersigned finds Plaintiff's objection to lack merit. *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) ("[T]he appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual.").

Plaintiff also challenges the Magistrate Judge's conclusion that her claims must be dismissed because she does not provide factual allegations that specify unlawful conduct or inaction by the individually named defendants. She states that she knows "EXACTLY what each and everyone [*sic*] of the defendants did to [her] as part of the charges that [she] has brought before the court," and that the "listed police officers" stalked, attacked, assaulted, injured, and racially profiled her. Doc. 7, PageID 47 (emphasis in original). Even so, her vague and conclusory allegations against the six listed police officers—two of whom are associated with two different police departments—leave the Court to speculate about the conduct of each individual defendant. Because she fails to provide sufficient factual context that would support any inference that the individual defendants violated Plaintiff's rights, her claims must be dismissed. *See Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).

Next, Plaintiff challenges the Magistrate Judge's conclusions as to her malicious prosecution claim. Contrary to her assertions, the undersigned agrees that Plaintiff failed to plead the first element: that "the officers participated in or influenced the decision to criminally prosecute [her]." *Novak v. City of Parma*, 33 F.4th 296, 307 (6th Cir. 2022). And to the extent Plaintiff argues that she intended to also assert a claim for malicious prosecution under Ohio law, this claim must too be dismissed for failure to state a claim.

To establish a claim for malicious prosecution under Ohio law, Plaintiff must show: "(1) malice in instituting or continuing the prosecution; (2) lack of probable cause; and (3) termination of the prosecution in his favor." *Wright v. City of Euclid*, 962 F.3d 852, 878 (6th Cir. 2020) (citing *Ash v. Ash*, 561 N.E.2d 945, 947 (Ohio 1995)). "Ohio law defines 'malice' as 'an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice.'" *Id.* (quoting *Harris v. Barnhorst*, 513 F.3d 503, 521 (6th Cir. 2008) (other citations omitted)). Aside from asserting that some charges resolved in her favor, Plaintiff has failed to plead the remaining elements of a malicious prosecution claim under Ohio law. *See Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) (A pro se "complaint 'must contain either direct or inferential allegations respecting all material elements' to recover under some viable legal theory.").

Plaintiff's objections to the Magistrate Judge's recommended dismissal of claims against Colerain Township are also without merit. To properly assert claims against Colerain Township, Plaintiff needs to plead sufficient facts that would show Colerain Township has a specific policy, custom, or practice that caused the constitutional violations she alleges. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) ("To succeed on a § 1983 claim against a local government, the plaintiff must also prove that the injury about which she complains

4

was caused by an unconstitutional government policy or custom."). While she says that she "can show that Colerain Township and their Board of Trustees and several of their police officers engaged in behavior that forms a pattern of actions or is embedded in routine practices," she offers only a conclusory, speculative statement. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Plaintiff also fails to state a claim for relief for felonious stalking under federal and state law. There is no private right of action for stalking under federal law. *See* 18 U.S.C. § 2261A; *Am. Postal Workers Union v. Indep. Postal Sys., Inc.*, 481 F.2d 90, 92 (6th Cir. 1973) ("[T]he general rule is that a private right of action is not maintainable under a criminal statute."). And, here, Plaintiff fails to plausibly allege a claim for "felonious stalking," i.e., menacing by stalking, under Ohio law. *See* Ohio Rev. Code § 2903.211(A)(1) ("No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or a family or household member of the other person or cause mental distress to the other person or a family or household member of the other person."). Plaintiff objects on the basis that defendants' actions were so "obvious" that "it will be amazingly easy to present witnesses to this atrocity," but her conclusory assertions do not rescue the state-law claim. Doc. 7, PageID 44.

Plaintiff's final objections must also fail. Plaintiff suggests that she should have been entitled to a "notice of intent to dismiss" or a continuance to "give [her] time to lay the foundation of each of [her] complaints." Doc. 7, PageID 42, 45. She says that more time would have enabled her "to present all the damning evidence with sufficient documentation, and affidavits and witnesses testimonies to proceed to a jury trial." *Id.* at PageID 45. Yet under

5

28 U.S. § 1915(e)(2)(B), the court may dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). That is what happened here. Plaintiff had an opportunity to present objections under Fed. R. Civ. P. 72(b) and she did so. Plaintiff did not request a continuance or additional time to plead her claims, seek to amend her pleadings, nor submit a proposed amended complaint. *See also Sinay v. Lamson & Session Co.*, 948 F.2d 1037, 1042 (6th Cir. 1991) ("[A] district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought."). As a result, her remaining objections are not well-taken.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's objections to the First R&R are **OVERRULED**, that the Magistrate Judge's First and Second R&Rs (Doc. 4, 10) are **ADOPTED** in their entirety, and that the Complaint (Doc. 3) be **DISMISSED** with prejudice for failure to state a claim on which relief may be granted. For the reasons stated in the First R&R and the Second R&R, and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would lack an arguable basis in law or in fact and thus would not be taken in good faith. The Court therefore **DENIES** Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. 9). In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

**IT IS SO ORDERED.**

Dated: September 30, 2023

Hon. Jeffery P. Hopkins
United States District Judge